## PEOPLE v. NIXON.

CRIMINAL LAW—DANGEROUS WEAPON—CARRYING DANGEROUS WEAPON —SUFFICIENCY OF EVIDENCE—QUASHING OF INFORMATION.

Quashing by trial court of information against defendant for carrying a dangerous weapon in a vehicle *held*, proper, where the record shows insufficient evidence at the preliminary examination to indicate that a crime was committed because (1) there was no evidence that the firearm in question was not a pistol as defined by statute since if it were a pistol the people must also show that defendant had not authority so to carry it, and (2) there was no evidence to show that the weapon was capable of firing the cartridge found in its chamber and hence was a dangerous weapon *per se* (CL 1948, § 28.426 *et seq.*, as amended by PA 1964, No 216; § 750.227; § 750.222, as amended by PA 1964, No 215).

Appeal from Oakland, Thorburn (James S.), J. Submitted Division 2 May 10, 1968, at Lansing. (Docket No. 4,825.)    Decided October 23, 1968. Leave to appeal denied March 25, 1969.    381 Mich 812.

Tallie Nixon was charged with carrying a dangerous weapon in a vehicle.    Defendant's motion to quash information granted.    The people appeal. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *S. Jerome Bronson*, Prosecuting Attorney, *Dennis Donohue*, Chief Ap-

REFERENCE FOR POINTS IN HEADNOTE
56 Am Jur, Weapons and Firearms §§ 2, 13.

pellate Counsel, and *Bruce T. Leitman*, Assistant Prosecuting Attorney, for the people.

*Frederick G. Buesser, III*, for defendant on appeal.

LESINSKI, C. J.   The people appeal an order of the Oakland county circuit court quashing the information lodged against defendant Tallie Nixon for carrying a dangerous weapon in a vehicle.[1]

Without need to reach the question of whether or not the trial court was correct in quashing the information on its stated basis, we find upon examination of the record that the evidence presented at the examination will not sustain a finding that a crime has been committed.

The record filed in this cause reveals that no evidence was offered to show that the seized M-1 rifle was not a pistol as defined by CL 1948, § 750.222, as amended by PA 1964, No 215 (Stat Ann 1968 Cum Supp § 28.419).   Failure to have the M-1 rifle admitted into evidence required at a minimum testimonial evidence to establish this fact.

Further, no evidence was offered as to whether defendant was licensed to carry a concealed weapon.[2] Proof of the length of the seized M-1 rifle is critical in this cause, for if the seized M-1 rifle was a pistol as defined by § 750.222, *supra*, it would be incumbent upon the people to show that the defendant was without authority to carry it concealed upon his person or in an automobile.

Due to the fact that the record fails to establish that the M-1 rifle, as found in the possession of the defendant, was capable of firing the cartridge found

---

[1] CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).
[2] CL 1948, § 28.426, *et seq.* as amended by PA 1964, No 216 (Stat Ann 1968 Cum Supp § 28.93, *et seq.*).

in the chamber, we are unable to pronounce the rifle a dangerous weapon *per se*. Had the rifle and cartridge in question been admitted into evidence, such a determination could have been made.

For the reasons stated above, it is not necessary to comment on whether sufficient evidence was presented upon which to decide whether or not defendant was within the curtilage of a dwelling house at the time of the search and seizure or arrest.

Affirmed.

Quinn and Moody, JJ., concurred.